UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/26/2022
```

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | C.A. No. 22-cv 06985-AT |
| RONALD D. PAUL, | |
| Defendant. | |

### CONSENT OF DEFENDANT RONALD D. PAUL

1.      Defendant Ronald D. Paul ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as provided herein in paragraph [18] and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)      permanently restrains and enjoins Defendant from violation of Sections 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. § 77q(a)(2) and (3)], Section 14(a) of the Exchange Act [15 U.S.C. § 78n(q)] and Rules 13a-14 and 14a-9 thereunder [17 C.F.R. §§ 240.13a-14 and 14a-9];

(b)      prohibits Defendant for two years following the date of entry of the Final Judgment, from acting as an officer or director of any issuer that has a

class of securities registered pursuant to Section 12 of the Exchange Act
[15 U.S.C. § 78l] or that is required to file reports pursuant to Section
15(d) of the Exchange Act [15 U.S.C. § 78o(d)];

(c)     orders Defendant to pay disgorgement in the amount of $109,000, plus
prejudgment interest thereon in the amount of $22,216; and

(d)     orders Defendant to pay a civil penalty in the amount of $300,000 under
Section 21(d)(3) of the Exchange Act and Section 20(d) of the Securities
Act.

3.     Defendant acknowledges that the civil penalty paid pursuant to the Final
Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the
Sarbanes-Oxley Act of 2002.  Regardless of whether any such Fair Fund distribution is made, the
civil penalty shall be treated as a penalty paid to the government for all purposes, including all
tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall
not, after offset or reduction of any award of compensatory damages in any Related Investor
Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to,
nor shall he further benefit by, offset or reduction of such compensatory damages award by the
amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If
the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that he
shall, within 30 days after entry of a final order granting the Penalty Offset, notify the
Commission's counsel in this action and pay the amount of the Penalty Offset to the United
States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be
deemed an additional civil penalty and shall not be deemed to change the amount of the civil
penalty imposed in this action.  For purposes of this paragraph, a "Related Investor Action"

means a private damages action brought against Defendant by or on behalf of one or more

investors based on substantially the same facts as alleged in the Complaint in this action.

4.      Defendant agrees that he shall not seek or accept, directly or indirectly,

reimbursement or indemnification from any source, including but not limited to payment made

pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays

pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof

are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further

agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any

federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final

Judgment, regardless of whether such penalty amounts or any part thereof are added to a

distribution fund or otherwise used for the benefit of investors.

5.      Defendant waives the entry of findings of fact and conclusions of law pursuant to

Rule 52 of the Federal Rules of Civil Procedure.

6.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of

the Final Judgment.

7.      Defendant enters into this Consent voluntarily and represents that no threats,

offers, promises, or inducements of any kind have been made by the Commission or any

member, officer, employee, agent, or representative of the Commission to induce Defendant to

enter into this Consent.

8.      Defendant agrees that this Consent shall be incorporated into the Final Judgment

with the same force and effect as if fully set forth therein.

9.      Defendant will not oppose the enforcement of the Final Judgment on the ground,

if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and

hereby waives any objection based thereon.

10.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that [he, she, it] shall not be permitted to contest the factual allegations of the complaint in this action.

12.     Defendant understands and agrees to comply with the terms of 17 C.F.R.

4

§ 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment for one year after the date of entry of the Final Judgment.

Dated:  8/25/22

Ronald D. Paul

On August 25, 2022, Ronald D. Paul, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

YVONNE D. WOODSON
Notary Public-Maryland
Montgomery County
My Commission Expires
March 21, 2026

Notary Public
Commission expires: March 21, 2026

Approved as to form:

Lance Wade
Williams and Connolly LLP
680 Maine Avenue SW, Washington DC, 20024
LWade@wc.com

SO ORDERED.

Dated: August 26, 2022
New York, New York

ANALISA TORRES
United States District Judge